FILED & ENTERED

JAN 10 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia   DEPUTY CLERK

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866-509-1197 (facsimile)
ep@eplaw.us

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES DIVISION)**

In re ERIK DeSANDO,

　　　　　Debtor,

TRISHA DRAGO, individuals, on their own behalves and on behalf of all others similarly situated,

　　　　　Plaintiff,

　　　v.

ERIK DeSANDO

　　　　　Defendant.

No. 2:10-BK-41514-PC

Chapter 7

Adversary Proceeding No. 10-AP-03026-PC

Judge Peter Carroll

**ORDER ON STIPULATION**

**ORDER ON STIPULATION**

WHEREAS Plaintiff Kenneth Tanner ("Tanner") commenced this action by filing an adversary proceeding against Defendant Erik DeSando ("Debtor") on November 8, 2010, which objects to Debtor's discharge under 11 U.S.C. § 727(a),

Stipulation and Order　　　　　1　　　　　No. 10-AP-03026-PC

1 and prays to exclude Plaintiff's class claims from the discharge pursuant to 11

2 U.S.C. § 523(a)(2)(A);

3 　　　WHEREAS Tanner served Debtor with his adversary complaint on or about

4 November 22, 2010;

5 　　　WHEREAS Debtor has, to date, not filed an answer or otherwise pled in

6 response to Tanner's adversary complaint;

7 　　　WHEREAS Debtor had filed for bankruptcy and averred in his petition that

8 there are no non-exempt assets in the bankruptcy estate (so that minimizing costs is

9 essential to Debtor);

10 　　　WHEREAS the parties wish to determine whether they can resolve this

11 matter outside of litigation, and wish to minimize their respective legal costs in the

12 meantime; and

13 　　　WHEREAS Tanner asserts that certain discovery that will may assist the

14 parties in verifying certain of Debtor's assertions and/or resolving Tanner's claims

15 (and in particular the claims under 11 U.S.C. § 727(a) related to the Debtor's

16 maintenance of documents),

17 　　　THEREFORE, the parties hereby stipulate that (1) Debtor accepts service of

18 the papers provided to Gerald M. Koh (his counsel for *In re DeSando*, No. 2:10-

19 BK-41514-PC) effective November 22, 2010; (2) Tanner will not (unless otherwise

20 ordered by the Court) seek any default judgment against DeSando under Federal

21 Rule of Civil Procedure 54(b) for 90 days following the filing of this stipulation;

22 (3) except that Tanner shall not be precluded from seeking an entry of default

23 under Rule 54(a). This stipulation shall not be construed to prevent the parties from

24 taking discovery in any way.

25 　　　FURTHER, the parties hereby jointly move the Court to

26 　　　1.　　　Continue the status conference and Rule 16(b) conference presently

27 set for January 18, 2011 until **April 26, 2011**;

28 　　　2.　　　Continue such deadlines provided in LBR 7026-1 and otherwise set in

1 the Court's November 10, 2010 case management order correspondingly, so that

2 the Rule 26(f) meeting shall be held 21 days before the Rule 16(b) conference, the

3 joint status report shall be due seven days before the Rule 16(b) conference, etc.;

4 and

5       3.      Grant the parties leave to take expedited discovery pursuant to Federal

6 Rule 26(d)(1).

7       The foregoing stipulation is granted.

8 IT IS SO ORDERED.

9                                         ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 DATED: January 10, 2011

                                   _____
27                                 United States Bankruptcy Judge

28

Stipulation and Order                    3                    No. 10-AP-03026-PC

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)   ORDER ON STIPULATION   was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of  01/07/11  , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Howard       M       Ehrenberg       (TR)                              ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;hmehrenberg@ecf.epiqsystems.com
- Gerald J Koh   gkoh@km-lawgroup.com
- Ethan M Preston   ep@eplaw.us
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Azita Moradmand
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403

David C Parisi
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

Stipulation and Order                         4                         No. 10-AP-03026-PC

# CERTIFICATE OF NOTICE

```
District/off: 0973-2        User: admin          Page 1 of 1            Date Rcvd: Jan 10, 2011
Case: 10-03026             Form ID: pdf031       Total Noticed: 2


The following entities were noticed by first class mail on Jan 12, 2011.
aty          +Azita Moradmand,   PARISI & HAVENS LLP,   15233 Valleyheart Drive,   Sherman Oaks, CA 91403-1545
aty          +David C Parisi,   PARISI & HAVENS LLP,   15233 Valleyheart Drive,   Sherman Oaks, CA 91403-1545

The following entities were noticed by electronic transmission.
NONE.                                                                           TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
dft          Erik Desando
pla          Kenneth Tanner
                                                                         TOTALS: 2, * 0, ## 0


Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 12, 2011**                    **Signature:** _____